IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STAFFORD INVESTMENTS LLC | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 04-3182 |
| | : | |
| ROBERT A. VITO | : | |

| | | |
|---|---|---|
| ZEN INVESTMENTS, LLC | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 06-1112 |
| | : | |
| UNBREAKABLE COMPANY  et al. | : | |

| | | |
|---|---|---|
| ZEN INVESTMENTS, LLC | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 06-4424 |
| | : | |
| UNBREAKABLE COMPANY et al. | : | |

## MEMORANDUM AND ORDER

**Juan R. Sánchez, J.**                                          **December 1, 2008**

The Defendants in this marathon dispute, Robert A. Vito, an inventor, and the Unbreakable

companies, ask this Court to enter summary judgment on claims brought by capital investors, John

L. Stafford II and John L. Stafford III, and their various corporate iterations, Zen Investments LLC

and others, on grounds the tort claims are barred by the statute of limitation and the contract claims

lack a contract on which to sue.  The Staffords responded with a demand this Court enter default

against the Defendants for spoliation of evidence, shredding files and discarding computers. Because

1

I find each question depends on finding of facts, I will deny summary judgment.

## FACTS

Vito invented a lock system for cars and boats which he marketed under the name of Lawman Armor. Lawman produced a Private Placement Memorandum to solicit private capital investments in the company. In 2000, the Staffords, then trading as Stafford Investments, LLC, invested $1 million in Lawman by purchasing shares from Vito. The Staffords claim their investment, and that of Charlestown Investments LLC in 1999, was premised on the promise of two seats on Lawman's board of directors. The question at the heart of these cases is the promised duration of the Staffords tenure on the board. The Unbreakable defendants assert the board seats were subject to re-consideration every year, but the Staffords wanted their seats in perpetuity. The Staffords counter they expected to have their seats for the length of their investment in Unbreakable.

A later dispute arose over whether an infusion of cash was an investment by the Staffords or a guaranty on a La Salle Bank line of credit. The Staffords were removed from the board in 2002, after which they demanded a forensic audit of Lawman. The relationship devolved from business partners to litigation adversaries. After preliminary skirmishes in state court, in 2004 the Staffords filed the first of what is now three actions pending before this Court.

Four years of litigation move toward a resolution with five substantive motions for summary judgment and two housekeeping motions pending. The Unbreakable defendants have filed a motion for summary judgment in the initial case, asking this Court to enter judgment in their favor on the securities fraud questions and to dismiss the Staffords's three state law claims. In the surviving second and third cases, three Defendant board members and an officer of the Lawman and Unbreakable corporations ask this Court for judgment they have no liability for any harm allegedly

2

suffered by the Staffords. Unbreakable has brought separate motions for summary judgment on the tort and the contract claims. Finally, the Staffords ask this Court to find willful destruction of evidence warranting the entry of judgment in their favor.

## DISCUSSION

A motion for summary judgment will only be granted if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the burden of proving no genuine issue of material fact is in dispute and the court must review all of the evidence in the record and draw all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Stephens v. Kerrigan*, 122 F.3d 171, 176-77 (3d Cir. 1997). The moving party must "bear the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal citations omitted). Once the moving party has carried its initial burden, the nonmoving party must then "come forward with specific facts showing there is a genuine issue for trial." *Matsushita*, 475 U.S. at 587 (citing Fed. R. Civ. P. 56(e)). A motion for summary judgment will not be denied because of the mere existence of some evidence in support of the nonmoving party. *Orsatti v. N.J. State Police*, 71 F.3d 480, 482 (3d Cir. 1995). The nonmoving party must present sufficient evidence for a jury to reasonably find for it on that issue. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). In considering a motion for summary judgment, a court does not resolve factual disputes or make credibility determinations and must view the facts and inferences in the light most favorable to the party opposing the motion. *Big*

*Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992), *cert. denied*, 507 U.S. 912 (1993).

The first question I consider is the liability of members of the board of directors and an officer of the Corporation. The two actions brought by the Staffords in 2006 name Joshua Smith, a director of Lawman Armor and its successor corporations, and two other directors Sidney Levov and Humbert Powell III, as defendants. In both *Zen Investments, LLC v. unbreakable Lock Company et al.*, No. 06-1112 and 06-4424, Smith, Levov and Powell are alleged to have committed a breach of fiduciary duty, aiding and abetting a breach of fiduciary duty, oppressing minority shareholders, aiding abetting conversion, fraud, aiding and abetting fraud, and civil conspiracy.

Smith, in a motion joined by the other defendants, asks this Court for summary judgment on grounds his fiduciary duty as a director is to the corporation and not to individual shareholders. 15 Pa. C. S. § 1712. Since the Pennsylvania Business Corporation Law was amended in 1990, only the corporation has standing to enforce the duties of the board of directors. 15 Pa. C. S. 1717. A shareholder may not bring an action against an individual director unless the action is brought as a derivative action on behalf of the corporation. *See B.T.Z., Inc. v. Grove*, 803 F. Supp. 1019, 1022 (M.D. Pa. 1992) (refusing to allow shareholders to bring an action against board members directly); *Brindley v. Woodland Vill. Rest., Inc.*, 652 A.2d 865, 870 (Pa. Super. Ct. 1995) (refusing to hold individual corporate officers liable in the absence of evidence of malfeasance by the particular officer).

The Staffords reply their tort claims are premised not on Smith's role as a director but on his role as a shareholder who joined with other shareholders and Vito to form a majority to deny the Staffords' their rights as shareholders, which would raise the issue of individual malfeasance under

4

*Brindley.* In neither of the actions do the Complaints allege any actions Smith or the other directors took as individuals rather than as directors or minority shareholders of the corporation. For that reason, I will grant summary judgment to Board members Smith, Levov, and Powell, and officer Cunningham.

In a separate motion, Unbreakable adds two arguments to an already-decided motion for summary judgment on the remaining four counts[1] of the Complaint filed by the Staffords in 2004 alleging violations of section 10(b) of the Exchange Act of 1934 and the Pennsylvania Securities Act, breach of contract, and common law fraud. This document, filed October 16, 2008, is in all but two respects identical to the motion filed by prior counsel on November 15, 2005. I denied the motion on September 15, 2006. Under the law of the case, it will remain denied. *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988) (explaining "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case"). The law of the case doctrine "limits the extent to which an issue will be reconsidered once the court has made a ruling on it." *Fagan v. City of Vineland*, 22 F.3d 1283, 1290 (3d Cir. 1994). The standards for reconsidering a decided issue with the addition of new arguments parallels the standards for granting reconsideration. *Public Interest Research Group of N. J., Inc. v. Magnesium Elektron, Inc.*, 123 F.3d 111, 116 (3d Cir. 1997). A court may revisit an issue when new evidence is available, the law has changed, or the earlier decision was clearly erroneous and would create manifest injustice. *Id.* at 116-17. None of those factors applies here. I decline Unbreakable's invitation to revisit its Motion for Summary Judgment in the 2004 case.

---

[1] The Staffords withdrew the first count, alleging a violation of Section 12(1) of the Securities Act of 1933, 15 U.S.C. §§ 77/(a)(1) and (a)(2), by stipulation on June 18, 2008.

The third question is whether the Staffords' tort law claims – breach of fiduciary duty, oppression of minority shareholders, conversion, unjust enrichment, fraud, and civil conspiracy – are barred by Pennsylvania's two-year statute of limitation. 42 Pa. C. S. § 5524(7).    The Third Circuit has held "[t]he statute of limitations begins to run from the time the cause of action accrued," meaning "when the first significant event necessary to make the claim suable occurs." *Lake v. Arnold*, 232 F.3d 360, 366 (3d Cir. 2000).

The date of accrual of the tort claims in this case lands at the intersection of inquiry notice and the discovery rule: at what point were there sufficient storm warnings to put the Staffords on inquiry notice such that they should have discovered the wrongs allegedly done them.  The discovery rule determines when the limitations period begins to run. *Forbes v. Eagleson*, 228 F.3d 471, 483-84 (3d Cir. 2000) (adopting the injury discovery rule). The injury discovery rule functions to postpone the beginning of the statutory limitations period from the date when the alleged tort occurred to the date when the plaintiff knew or should have known of its injury.  *Cetel v. Kirwan Financial Group, Inc.* 460 F.3d 494, 507 (3d Cir. 2006).

Application of the discovery rule to determine when the Staffords' cause of action accrued involves both a subjective and an objective consideration: first, whether the Staffords had actual knowledge of the injury Unbreakable is alleged to have caused, or, second, whether the Staffords were on "inquiry notice" of their injuries. *Mathews v. Kidder, Peabody & Co.*, 260 F.3d 239, 250-51 (3d Cir. 2001).  Plaintiffs have inquiry notice "whenever circumstances exist that would lead a reasonable investor of ordinary intelligence, through the exercise of due diligence, to discovery of his or her injury." *Mathews*, 260 F.3d at 252.  In determining inquiry notice, the burden is on the defendant to show the existence of "storm warnings," any information or accumulation of data to

"alert a reasonable person to the probability that misleading statements or significant omissions had been made." *Id.* This is an objective inquiry and hinges not on a plaintiff's actual awareness of suspicious circumstances or even on the ability of a plaintiff to understand their import. *Id.* The second step then shifts the burden to plaintiffs to show that, heeding the storm warnings, they exercised reasonable diligence but were unable to find and avoid the storm. *Cetel*, 460 F.3d at 507.

Unless there is a "clear basis for the court to determine when plaintiff knew or should have known of the existence of her cause of action," the issue of whether the plaintiff had a reasonable opportunity to discover the violation "is a question to be resolved by a jury." *Brown v. American Broadcasting Co., Inc.*, 704 F.2d 1296, 1304 (4th Cir.1983); *DIRECTV, Inc. v. Rodkey*, 369 F. Supp. 2d 587, 600 (W.D. Pa. 2005) (denying summary judgment, finding jury question on statute of limitations).

Unbreakable aks this Court to determine as a matter of law the Staffords had notice of their avowed injury more than two years before they filed their first action in 2004. Unbreakable recites the troubled history between the Staffords and Unbreakable to support its argument the Staffords had sufficient "storm warnings" that they knew or should have known of their injury before March, 2004. As board members, the Staffords registered concern about the corporation's financial dealings, Vito's attention to another venture, and Vito's self-dealing. In December, 2002, the Staffords renewed their guaranty of a line of credit at LaSalle Bank for the Corporation. The Board then voted to remove the Staffords. The Staffords allege after they were removed from the Board, they learned Vito had been and was continuing to loot the Corporation and dilute the value of the Staffords' stock.

The Staffords argue they escape the application of the limitation period because the

Unbreakable Defendants engaged in fraudulent concealment. A "defendant may not invoke the statute of limitations, if through fraud or concealment, he causes the plaintiff to relax his vigilance or deviate from his right of inquiry into the facts." *Forbes*, 228 F.3d at 483. A court must examine whether "defendants engaged in affirmative acts of concealment designed to mislead the plaintiffs," whether the plaintiffs exercised reasonable diligence, and whether plaintiffs were not aware, nor should they have been aware, of the facts supporting their claim until a time within the limitations period. *Id.* at 487.

To toll the limitations period by invoking fraudulent concealment, the Staffords must have exercised "reasonable diligence" to discover their claim. *Mathews*, 260 F.3d at 252 (rejecting an equitable tolling claim after finding that the plaintiff should have known of its injuries). "[U]nintentional fraud or concealment is sufficient" to meet this showing, and it is not necessary to prove that the defendant had an intent to deceive. *Molineux v. Reed*, 532 A.2d 792, 794 (Pa. 1987). Where the plaintiff establishes that fraudulent concealment has occurred, the running of the limitations period is tolled until the plaintiff knew or through reasonable diligence should have known of the claim. *Fine v. Checcio*, 870 A.2d 850, 861 (Pa. 2005). Whether a party should have known of his injury by exercising reasonable diligence is a factual determination, and should "ordinarily" be resolved by a jury. *Van Buskirk v. Carey Canadian Mines, Ltd.*, 760 F.2d 481, 498 (3d Cir. 1985); *Wilson v. Parisi*, 549 F. Supp. 2d 637, 656 (M.D. Pa. 2008) (denying summary judgment after the discovery rule was invoked).

The jury in this case will need to determine whether the Staffords suffered any harm and, if so, whether the Staffords were diligent in protecting their interests, and whether the Unbreakable defendants concealed facts regarding the alleged harm to the Staffords before the statute of

8

limitations is applied to the claims. Because I find the date[2] on which the Staffords knew or should have known they allegedly suffered tort damages is a question for the jury, I will deny Unbreakable's Motion for Summary Judgment on the tort claims.

Unbreakable also asks this Court to dismiss the contract claims on grounds no contract was created. The formation of a contract is a question of fact for the jury to decide. *Step-Saver Data Systems, Inc. v. Wyse Technology* 939 F.2d 91, 99 n.19 (3d Cir. 1991) (holding a box-top license does not alter the terms of a contract). I will leave the existence of a contract between the Staffords and Unbreakable for the jury to decide.

The Staffords ask this Court to enter judgment in their favor by default on grounds Vito and others willfully destroyed or failed to produce files, electronic documents, and computers. The Staffords believe Vito's attorney willfully misled and threatened them during discovery to the point sanctions are warranted. The Third Circuit has held sanctions depend on "(1) the degree of fault of the party who altered or destroyed the evidence; (2) the degree of prejudice suffered by the opposing party; and (3) whether there is a lesser sanction that will avoid substantial unfairness . . . and, . . . will serve to deter such conduct by others in the future." *In re Hechinger Inv. Co. of Delaware, Inc.,* 489 F.3d 568, 579 (3d Cir. 2007) (holding spoliation inference not warranted when documents

---

[2]By suggesting there is a date on which Staffords knew or should have known of their injury I do not rule out a continuing violation theory to avoid the running of the limitation period. *Cowell v. Palmer Township,* 263 F.3d 286, 292 (3d Cir. 2001). A continuing violation and the discovery rule are not inconsistent. *Kichline v. Consol. Rail Corp.,* 800 F.2d 356 (3d Cir.1986). To proceed under the continuing violation doctrine, a plaintiff must establish both: (1) "that 'the last act evidencing the continuing practice falls within the limitations period'; and (2) that 'the defendant's conduct is more than the occurrence of isolated or sporadic acts.'" *Cowell,* 263 F.3d at 293 (quoted in *Schneck v. Saucon Valley School District,* 340 F. Supp. 2d 558, 580 (E.D. Pa. 2004)). Consequently, a continuing violation "requires continual unlawful acts, not continual ill effects from an original violation." *Sandutch v. Muroski,* 684 F.2d 252, 254 (3d Cir. 1982).

destroyed to save space). The Second Circuit has held to warrant sanctions, the movant must prove "1) an obligation to preserve the evidence; 2) a culpable state of mind; and 3) the relevance of the destroyed evidence." *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 107 (2d Cir. 2002). The remedy for spoliation is discretionary.

Vito argues the document shredding was routine and the computers were discarded when they no longer worked. The Third Circuit has held denial of a request for default on grounds of spoliation for routine destruction of email "compels no separate discussion." *Foraker v. Chaffinch*, 501 F.3d 231, 238 n.3 (3d Cir. 2007).

A court confronted with a charge of spoliation has a range of sanctions available from default, as is sought here, to allowing the jury to infer the evidence destroyed was adverse. *Schmid v. Milwaukee Elec. Tool Corp.*, 13 F.3d 76, 79 (3d Cir. 1994). Plaintiff's request for default is denied but I will reserve ruling on the issue of a spoliation charge until trial. Among the questions I will consider at that time is the relevance and materiality of the allegedly missing evidence.

Accordingly, I enter the following:

## ORDER

And now this 1st day of December, 2008, it is hereby ORDERED:

- Defendant Joshua Smith's Motion for Summary Judgment (Document 130 at Docket number 06-4424 and Document ) is GRANTED and judgment is ENTERED in favor of Defendant Joshua Smith and against Plaintiffs Zen Investments, LLC, John Stafford Jr., John Stafford III, and Charlestown Investments, LLC;

- Defendants' Motion to Incorporate Summary Judgment Motion of Smith (Document 124 at Docket number 06-1112; Document 135 at Docket number 06-4424) is GRANTED. Summary judgment is GRANTED in favor of Defendants Joshua Smith, Sidney Levov, Humbert Powell III, and Kyle J. Cunningham and against Plaintiffs Zen Investments, LLC, John Stafford Jr., John Stafford III, and Charlestown Investments, LLC;

- Defendants' Motion for Summary Judgment (Document 155 at Docket number 04-3182) is DENIED;

- Defendants' Motion for Summary Judgment (Document 118 at Docket number 06-1112; document 129 at Docket number 06-4424) is DENIED;

- Defendants' Motion for Summary Judgment (Document 119 at Docket number 06-1112; document 128 at Docket number 06-4424) is DENIED;

- Plaintiffs' Motion for Entry of Default Judgments and for Sanctions against Defendants. (Document 151 at 04-3182; Document 120 at Docket number 06-1112; Document 131 at Docket number 06-4424) is DENIED in part and RESERVED in part. Default is DENIED, a spoliation charge is RESERVED;

- Motion for Nunc Pro Tunc Enlargement of Page Limits (Document 154 at 04-3182; Document 123 at Docket number 06-1112; Document 134 at Docket number 06-4424) is GRANTED.

It is further ORDERED the scheduling Order is AMENDED as follows.   Motions in limine are due December 19, 2008.  Responses to motions in limine are due January 2, 2009.  Plaintiffs and defendants pre-trial memoranda, joint requested points for charge, joint proposed verdict slip, and voir dire questions, as explained in the Honorable Juan R. Sánchez's on-line procedures, are due

January 7, 2009.  Final pre-trial conference is January 8, 2009 at 3:00 p.m. Courtroom 5D.  Joint

exhibit binder is to be submitted to chambers no later than 4:30 p.m. the day prior to trial.  This

matter is scheduled for trial  January 12, 2009.

Counsel are referred to Judge Sánchez's operating procedures for further information:

http://www.paed.uscourts.gov/documents/procedures/sanpol.pdf

BY THE COURT:

Juan R. Sánchez                                    J.

12